IN RICHMOND SUPERIOR COURT.

GEORGE ANDERSON *vs.* JAMES PRIMROSE, Executor of RObERT FRASER.

*Assumpsit. Verdict for Defendant, and Motion for New Trial.*

A. sued B. as
executor *de son*

IN this action it was attempted to recover from the defend-

ant as executor *de son tort* of Robert Fraser, the amount of a promissory note given by Fraser to the plaintiff. At the trial, Mrs. Fraser, the widow of Robert Fraser, was offered as a witness by the plaintiff, and objected to as incompetent on account of interest. The court sustained the objection, and repelled her testimony. Much evidence was given by both parties in relation to certain negroes alleged by the plaintiff to be the property of Robert Fraser, but claimed by the defendant to be his own, and the jury having rendered a verdict for the defendant, the plaintiff now moves for a new trial on the ground that he was deprived of the benefit of important evidence by the error of the court in the rejection of the testimony of Mrs. Fraser; and because the verdict was against law and evidence, and against the principles of justice, equity, and good conscience.

It is a rule too well settled to require the adduction of precedent or authority to support it, that a witness is incompetent who has a direct and immediate interest in the result of the cause. The error of the court, if indeed there was error, may be easily discovered by the application of this rule to the facts of the case, and by examining into the relation in which the rejected witness stood towards the parties in it. She was the widow and one of the heirs and distributees of Robert Fraser, and therefore immediately interested in having the estate of her deceased husband increased as much as possible; and, if that were the object, or would have been the effect of her testimony, she was clearly incompetent. She was called by a creditor of Fraser, who was seeking to have satisfaction of his debt from the defendant as executor in his own wrong. A recovery in this case and satisfaction of the debt would have increased the residuum for distribution to the precise amount of the recovery. Suppose the rightful executor or the administrator of Fraser had sued the defendant for the negroes about which this dispute arose, and Mrs. Fraser the widow had been offered as a witness by the executor or administrator; would there have been any hesitation in rejecting her testimony? certainly none. Does the change of parties change the principle? I think not. The effect in either case is to increase the residuum to be distributed, in which residuum the witness has a direct, immediate, and certain legal interest, and is therefore clearly incompetent.

As to the other grounds I have but this remark to make, that upon a full and fair investigation of the case, the jury pronounced their verdict upon the facts submitted to them in evidence, which verdict was regular and legal, and, as I believe, rendered substantial justice to the parties. I can therefore see no good reason for disturbing the verdict.

The new trial must be refused.

RICHMOND.

ANDERSON
*v.*
PRIMROSE.

*tort* of C. and offered C.'s wife to prove the intermeddling; she being an heir and distributee of C., and the effect of her testimony being to increase the residuum for distribution in exact proportion to the debt sued on and recovered, was held to be clearly incompetent as a witness.